IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA

Richmond Division

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) |
| | ) Criminal No. 3:18cr18-MHL |
| MOHAMED ABDELLAHI MOHAMED HORMA, | ) |
| | ) |
| a.k.a. "Mohamed Abdellahi Moham Horma" | ) |
| a.k.a. "Mohamed Abdel Mohamed Horma" | ) |
| | ) |
| Defendant. | ) |

**<u>GOVERNMENT'S SUR-REPLY TO DEFENDANT'S REPLY</u>**

The United States of America, by and through Tracy Doherty-McCormick, Acting United States Attorney, and Angela Mastandrea-Miller, Assistant United States Attorney, files this sur-reply to the Defendant's Reply to Government's Response (See Docket Entry 24). The United States did not overlook the defendant's citations to *Johnson v. United States*, 135 S. Ct. 2551, 192 L. Ed. 2d 569 (2015) and *United States v. Arzberger*, 592 F. Supp. 2d 590 (S.D.N.Y. 2008), but instead found them irrelevant to the instant case and largely unworthy of mention. The defendant's insistence on relying on those two cases and its repeated misstatements of the Government's position warrants only a brief response.

      **I.**     ***<u>Johnson</u>* <u>has no Bearing on the Holdings of *Coleman*, *Schultz*, or *Stanko*</u>**

The *Johnson* court's holdings have no effect on the analysis conducted by the Fifth, Seventh, and Eighth Circuits in *United States v. Coleman*, 609 F.3d 699 (5th Cir. 2010), *United States v. Schultz*, 586 F.3d 526 (7th Cir. 2009), and *United States v. Stanko*, 491 F.3d 408 (8th Cir. 2007). Unlike in those cases, where courts specifically upheld 18 U.S.C. § 921(a)(20)(A), the Supreme Court in *Johnson* considered a due process challenge against an entirely different

statute: the Armed Career Criminal Act of 1984 (hereinafter "ACCA"). 135 S.Ct. at 2551. Although the defendant correctly notes that *Johnson* also involved a definitional residual clause, any comparisons between the ACCA residual clause and 18 U.S.C. § 921(a)(20)(A) are unfounded. The ACCA residual clause reads: "or otherwise involves conduct that presents a serious potential risk of physical injury to another." *Id.* The ACCA residual clause bears no explicit reference to any specific crimes and provides no guidance as to the meaning of "a serious potential risk[.]" *Id.* at 2555-56. This is in stark contrast to § 921(a)(20)(A), which reads: "or other similar offenses relating to the regulation of business practices…." The latter explicitly references three exempted offenses and further clarifies the meaning of "other similar offenses" with additional limiting language: "relating to the regulation of business practices…." 18 U.S.C. § 921(a)(20)(A). Another key difference is the effect that the two residual clauses have: the ACCA residual clause exposes criminal defendants to enhanced sentences whereas § 921(a)(20)(A) exempts certain defendants from criminal prosecution entirely.

The *Johnson* court held that two specific features of the ACCA residual clause "conspire[d] to make it unconstitutionally vague." *Johnson*, 135 S.Ct. at 2557. First:

> [T]he residual clause leaves grave uncertainty about how to estimate the risk posed by a crime. It ties the judicial assessment of risk to a judicially imagined "ordinary case" of a crime, not to real-world facts or statutory elements. How does one go about deciding what kind of conduct the "ordinary case" of a crime involves? "A statistical analysis of the state reporter? A survey? Expert evidence? Google? Gut instinct?

*Id.* Second:

> At the same time, the residual clause leaves uncertainty about how much risk it takes for a crime to qualify as a violent felony. It is one thing to apply an imprecise "serious potential risk" standard to real-world facts; it is quite another to apply it to a judge-imagined abstraction.

*Id.* at 2557-58 (internal citations omitted). Neither of these concerns is present with § 921(a)(20)(A), which merely exempts offenses similar to "antitrust violations, unfair trade practices, restraints of trade" that are also related to the "regulation of business practices[.]" 18 U.S.C. § 921(a)(20)(A). This residual clause does not require courts to calculate levels of risk, decide what conduct an "ordinary case" of a crime involves, or apply an "imprecise" standard to "judge-imagined abstraction[s]." *Id.* at 2557-58.

The court also noted its prior acknowledgement "that the failure of 'persistent efforts … to establish a standard' can provide evidence of vagueness[,]" holding that the "Court's repeated attempts and repeated failures to craft a principled and objective standard out of the residual clause confirm its hopeless indeterminacy." *Johnson*, 135 S.Ct. at 2558 (quoting *United States v. L. Cohen Grocery Co.*, 255 U.S. 81, 91, 41 S. Ct. 298, 65 L.Ed. 516 (1921)). The court continued: "[t]his Court is not the only one that has had trouble making sense of the residual clause. The clause has 'created numerous splits among the lower federal courts,' where it has proved 'nearly impossible to apply consistently.'" *Id.* The same simply cannot be said of 18 U.S.C. § 921(a)(20)(A), which has been repeatedly upheld by multiple circuits as constitutionally sound.

The *Johnson* decision, affirmed in *Sessions v. Dimaya*, 138 S. Ct. 1204 (2018), struck down the ACCA residual clause as void for vagueness under a rationale that is utterly inapplicable to the instant case. 18 U.S.C. § 921(a)(20)(A), unlike the ACCA residual clause, is not unconstitutionally vague because the residual clause is sufficiently linked to the specifically enumerated categories of offenses so as to provide notice to an ordinary individual that the exception only applies to those named offenses or a similar offense related to the regulation of business practices.

## II.     *Arzberger* Concerns an Entirely Different Statute Which Predicates Release on Bail with a Prohibition Against Possession of Firearms

The defendant's reliance on *Arzberger* is similarly flawed for three reasons: (1) the *Arzberger* court analyzed the constitutionality of the Adam Walsh Amendments to the Bail Reform Act, not 18 U.S.C. § 922(n); (2) *Arzberger* involved the relinquishment of the defendant's Second Amendment right as a predicate to release on bail; and (3) the Adam Walsh Amendments prohibit possession and not merely receipt. 592 F. Supp. 2d at 592.

The defendant's own quotation of *Arzberger* illustrates the inadequacy of his reliance on the case as support. *See* Def. Mot. at 19. The court in *Arzberger* specifically noted that "the Adam Walsh Amendments violate due process by requiring that, *as a condition of release on bail*, an accused person be required to surrender his Second Amendment right to *possess* a firearm…." 592 F. Supp. 2d at 603 (emphasis added). The connection to bail is critical because in *Arzberger*, the right to possess firearms was essentially being traded for freedom of movement. The same is not true in the instant case. Here, 18 U.S.C. § 922(n) merely prohibited the defendant from *receiving* new firearms, but did not otherwise independently affect his freedom of movement. The § 922(n) prohibition against receipt is also minimally invasive compared to the outright ban on possession required by the Adam Walsh Amendments. Here, the defendant was merely temporarily prevented from reactively acquiring a firearm as a result of his felony indictment and was free to possess firearms if lawfully acquired prior to indictment.

## III.     The Defendant has Repeatedly Misstated the Government's Position

The defendant repeatedly mischaracterized the Government's position, quoting statements out of their necessary context. *See* Def. Reply at 1-2, 5. The defendant brazenly suggests that: "The government urges the Court to follow the reasoning of *United States v. Stanko*, 491 F.3d 408 (8th Cir. 2007) which, according to the government, 'limited the residual

4

clause to the three, 'specifically enumerated' offenses[.]'" *Id.* (emphasis added). The statement, cut short by the defendant, continues: "concluding that 'the plain meaning of the statute indicates Congress's intent to limit the offenses that fall within the § 921(a)(20)(A) exclusion to those pertaining to antitrust violations, unfair trade practices, restraints of trade, or offenses similar to them." Gov't. Resp. at 6. This summation of the *Stanko* court's analysis is reiterated later in the Government's response with direct quotations from the *Stanko* opinion clearly stating that "the plain meaning of the statute indicates Congress' intent to limit the offenses that fall within the § 921(a)(20)(A) exclusion to those pertaining to antitrust violations, unfair trade practices, restraints of trade, or *offenses similar to them*." Gov't. Resp. at 10 (emphasis added); *Stanko*, 491 F.3d at 414.

       The defendant again misstates the Government's position on the residual clause, writing that, "the government advocates an element-only inquiry limited to the enumerated crimes in the statute." Def. Reply at 5. As detailed *supra*, the Government's position echoes the *Stanko*, *Coleman*, and *Schultz* courts' analyses, in that the residual clause represents Congress's "intent to limit the offenses that fall within the § 921(a)(20)(A) exclusion to those pertaining to antitrust violations, unfair trade practices, restraints of trade, or offenses similar to them." *Stanko*, 491 F.3d at 414. Instead of what the defendant mischaracterizes as an "element-only inquiry limited to the enumerated crimes in the statute[,]" the Government argues that this Court should consider: (A) whether the offense in question is one of the specific offenses enumerated in § 921(a)(20)(A); or (B) whether it is a "similar offense[] relating to the regulation of business practices[,]" which necessarily requires that an effect on competition be proved as an element of the crime. 18 U.S.C. § 921(a)(20)(A).

**Conclusion**

Based on the points and authorities set forth herein and in the Government's Amended Response in Opposition to Defendant's Motion to Dismiss Counts 1-4 of the Indictment, the charges in the criminal indictment for receipt of a firearm while under indictment are valid under 18 U.S.C. § 922(n). The defendant was under felony indictment by the State of Maryland for a tax violation, which is not subject to the business practices exception in 18 U.S.C. § 921(a)(20)(A), when he received the firearms in question. The exception is not void for vagueness because it clearly outlines three *exempted* categories of violations with a catch-all provision limited to variations of those enumerated categories and § 922(n) is a constitutionally valid exercise of Congress's legislative authority, which has been upheld in other circuits as a temporary burden of the Second Amendment right subject to intermediate scrutiny analysis. The defendant's as-applied challenge to § 922(n) likewise fails because of an express prohibition against possession of firearms by non-immigrant aliens.

Furthermore, the charges set forth in the criminal Indictment for possession of a firearm by an illegal alien under 18 U.S.C. § 922(g)(5)(A) are similarly valid. The defendant overstayed his visa and was without valid status in the United States when he possessed both of the firearms. The period of authorized stay granted to the defendant based on his pending asylum application did not cure his illegal status and merely allowed him to remain in the United States while the application was pending. Thus, the defendant had legal presence, but unlawful immigrant status, which made his possession of both firearms illegal under § 922(g)(5)(A).

For all of the foregoing reasons, the United States respectfully requests that the defendant's Motion to Dismiss Counts 1-4 be denied in its entirety.

                                              Respectfully submitted,

                                              TRACY DOHERTY-McCORMICK
                                              Acting United States Attorney

By:               /s/
                                              Angela Mastandrea-Miller
                                              Assistant United States Attorney
                                              United States Attorney's Office
                                              919 East Main Street, Suite 1900
                                              Richmond, Virginia 23219
                                              Telephone: 804-819-5400
                                              Facsimile: 804-771-2316
                                              Email: Angela.Miller3@usdoj.gov

## CERTIFICATE OF SERVICE

      I hereby certify that on April 30, 2018, I electronically filed the foregoing Government's Sur-Reply to Defendant's Reply with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing (NEF) to the following:

Joseph S. Camden, Esq.  
Robert Wagner, Esq.  
Assistant Federal Public Defenders  
Office of the Federal Public Defender  
701 E. Broad St., Ste. 3600  
Phone: (804) 565-0830  
Fax: (804) 648-5033  
Email: Joseph_Camden@fd.org  
Email: Robert_Wagner@fd.org  

                                                      /s/  
                                        Angela Mastandrea-Miller  
                                        Assistant United States Attorney